Rockingham,
No. 5528.

PORTSMOUTH SAVINGS BANK

*v.*

GREENLAND.

Argued September 7, 1966.
Decided September 30, 1966.

*David Sanderson* ( by brief and orally ), for the plaintiff.

*Boynton, Waldron & Dill ( Mr. Wyman P. Boynton* orally ), for the defendant.

DUNCAN, J. RSA 80:28 requires the purchaser of real estate sold by the tax collector to notify all persons holding mortgages of record, within thirty days from the date of such sale. It further provides that in the absence of such notice "[a]ny tax sale of such encumbered real estate shall be void as against any mort- gagee and no tax collector's deed based on said sale shall be valid. . . . " The tax sale was clearly invalid as to the plaintiff bank. *Salem* v. *Sperber*, 88 N. H. 374; *Rivard* v. *Ross*, 99 N. H. 299, 302.

RSA 80:28, *supra*, further provides "the tax and any subsequent tax payments made . . . by the purchaser . . . shall be collectible and payment may be enforced by suit under the provisions of [RSA ch. 80] section 50." The defendant town claims a right to collect the 1962 taxes from the bank under this provision. RSA 80:50 provides in part as follows: "COLLECTION BY SUIT. The selectmen of any town, or the tax collector, by action brought in the name of the collector, may cause any tax to be collected by suit at law or bill in equity. . . . "

The premises in question were taxed in 1962 to the plaintiff's mortgagors. The remedy provided by RSA 80:50 is a remedy against them, and an action to collect the tax does not lie against the bank.

The town relies upon the provisions of RSA 498:5 in support of its claim of a right to reimbursement. See *Rivard* v. *Ross*, 99 N. H. 299, *supra*. This statute requires reimbursement of a purchaser at a tax sale "[w]hen the validity of a tax sale is contested . . . [i]n any case in which a tax sale is adjudged invalid. . . . " RSA 498:5, *supra*.

In this case, the invalidity of the tax sale as against the bank is conceded, and no decree setting the sale aside is sought. The

interest acquired by the town as purchaser at the tax sale was at most only an interest in the mortgagors' equity of redemption. When the town paid the tax by purchasing at the tax sale, the tax lien was discharged. *Winchester* v. *Stockwell*, 76 N. H. 193, 195. While the town might have protected its interest by notifying the mortgagee of the tax sale, or by bidding at the foreclosure sale, it did neither. The equity of redemption was extinguished by foreclosure, and with it any interest of the town therein. Any different conclusion would rob the provisions of RSA 80:28 of significance, by imposing obligations upon the mortgagee by reason of a tax sale which the statute directs shall be void as against it. We hold that neither the mortgagee bank nor the foreclosed property is under any liability for the 1962 tax, and that no remedy by suit under RSA 80:50, is available to the town against the bank. However the remedy under RSA 80:50, is available to the town against the mortgagors who owned the property in 1962.

*Judgment for the plaintiff.*

All concurred.